## UPTON, ASSIGNEE v. STEELE.

Where the cause of action appears upon the face of the petition to be barred by the statute of limitations, there is no cause of action alleged and the defendant may demur.

ERROR to the District Court of Laramie County.

The action was commenced in the district court on the 14th day of August, 1877. The petition alleged, that the plaintiff was the assignee in bankruptcy, duly appointed on the 11th day of April, 1872, of the Great Western Insurance Company, of Chicago, Illinois, and sought to recover a balance alleged to be due the company from the defendant upon an unpaid balance of the purchase price of certain shares of its capital stock. That on the 11th day of April, 1872, a deed of assignment was executed to the plaintiff as assignee, and that by an order of the United States district court for the northern district of Illinois, entered on the 5th day of July, 1872, the stockholders of the bankrupt corporation were required to pay the amount unpaid upon the shares of stock held by them, on or before the 15th day of August, 1872. That the bankrupt company was largely indebted, had no other assets except the amount unpaid upon its capital stock, which it was necessary to collect in order to pay its liabilities. That the defendant had not paid the amount due, but had failed and refused so to do, and prayed judgment.

To this petition the defendant filed a demurrer on the 11th day of December, 1877, alleging as grounds therefor,

*First*—That the plaintiff had not instituted his suit within two years of the accruing of the action to him as assignee;

*Second*—That the plaintiff had no legal capacity to sue;

*Third*—That the petition did not state sufficient facts to constitute a cause of action;

*Fourth*—That the action did not accure within four years of the commencement of the suit;

*Fifth*—That the action did not accrue within five years of the commencement of the suit;

*Sixth*—That summons in the action was not served upon the defendant within five years of the accruing of the plaintiff's action;

*Seventh*—That the court had no jurisdiction of the subject of the action.

The district court sustained the demurrer and rendered judgment in favor of the defendant for costs.

*E. P. Johnson*, for plaintiff in error.

*W. R. Steele*, for defendant in error.

Judgment of the district court affirmed.